IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FILED
APR 2 4 2007
DAVID CREWS, CLERK
BY_____ Deputy

F. W. BURDINE, RICHARD L. FORMAN,
JERRY W. HENDRIX, PAULA HENDRIX
FRED KRUTZ, III, ERIC LINDSTROM
NANCY LINDSTOM,
D. PRESTON SMITH, JR.,
WALTER G. WATKINS and
AGAC FINANCE CORPORATION                                    PLAINTIFFS

VS.                       CIVIL ACTION NO. _4:07CV64-P-B_

TELEFLEX INCORPORATED AND
JOHN SICKLER                                                DEFENDANTS

## COMPLAINT

1.  Plaintiffs, F. W. Burdine, Richard L. Forman, Jerry W. Hendrix, Paula Hendrix Fred Krutz, III, Eric Lindstrom, Nancy Lindstom, D. Preston Smith, Jr., , Walter G. Watkins and AGAC Finance Corporation, (hereinafter, "Plaintiffs" or "Minority Shareholders") file this complaint and state as follows:

## VENUE AND JURISDICTION

2.  Jurisdiction of this action is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. The Defendants are subject to the jurisdiction of this Court since they entered a contract with a resident of Mississippi to be performed in part in Mississippi, have committed a tort in whole or in part in the State of Mississippi against a resident of Mississippi; and/or have done some business or performed some character of work and services in the State of Mississippi.

## FACTS

3. Plaintiffs are minority shareholders in AMERICAN GENERAL AIRCRAFT HOLDING CO., INC., a Delaware corporation ("AGAH"). The rights among the shareholders are governed by a shareholder agreement dated August 1, 1994 (this "Agreement") its Shareholders identified on Schedule 1 to the agreement. *See* Exhibit "A." Plaintiffs own 7,000 shares of the Company's issued and outstanding common stock, each in the respective amounts indicated on Schedule 1. These shares represent in the aggregate approximately 26% of such stock (the "Minority Shares").

4. John Sickler is President of AGAH and is Vice-Chairman of Teleflex and a resident of the state of Pennsylvania.

5. Teleflex Incorporated ("Teleflex") is a Delaware Corporation with its principal place of business in Pennsylvania and it owns 20,000 shares of the Company's issues and outstanding common stock of AGAH, representing approximately 74% of such stock (the "Teleflex Shares").

6. AGAH entered into an Asset Purchase Agreement dated May 31, 1993 with American General Aircraft Corporation, a Mississippi corporation ("AGAC"). AGAH purchased certain tooling, patterns, fixtures and dies relating to aircraft model GA-7 (collectively, the "Cougar Tooling") as well as Type Certificate numbers A11EA, A16EA and A17SO (collectively, the "Type Certificates"). The Cougar Tooling and the Type Certificates are sometimes collectively referred to herein as the "Assets".

7. AGAH was organized for the purpose of acquiring the Assets from AGAC, to hold and, ultimately, dispose of such Assets for the benefit of AGAH Shareholders.

8. Upon AGAH's disposition of all or part of the Assets, it was to (i) first pay or otherwise satisfy all of its liabilities and, thereafter, (ii) distribute the net profits arising from such disposition, after payment of all income taxes and expenses relating thereto ("Net Profits"), in respect of the Teleflex Shares and the Minority Shares in accordance with the terms and conditions of this Agreement. Net Profits arising from any sale, lease or other use of the Assets were to be distributed in accordance with the terms of this Agreement.

9. The purpose of the Agreement was to set forth the agreements among AGAH companies, Teleflex, the Plaintiffs Minority Shareholders and certain other persons regarding distribution of Net Profits realized by the Company upon its disposition of the Assets and certain related matters.

10. Certain assets of AGAH were sold resulting in Net Profits. However, while some Net Profits were distributed, approximately $1,200,000, was not distributed in accordance with the Agreement.

11. Under the terms of the Agreement, Sickler and Teleflex had an obligation to insure that the Net Profits resulting from any asset sales or transfers were distributed to the Plaintiffs pursuant to the terms of the Agreement. Upon information and belief, Teleflex and Sickler willfully and purposefully failed to distribute certain Net Profits from the sale of Assets. This failure to distribute these Net Profits is a material breach of the Shareholders Agreement. Specifically, the Agreement requires that Net Profits arising from any sale, lease or other use of the Assets be distributed in accordance with the Agreement. *See* Agreement at ¶ E. Further, this failure to distribute these Net Profits is a fraud on the minority shareholders. Sickler and Teleflex fraudulently concealed and

fraudulently failed to disclose the sale of these assets and the misappropriation, conversion and/or diversion of these Net Profits.

## BREACH OF FIDUCIARY DUTIES

12. Teleflex as majority shareholder and John Sickler as President of AGAH owed fiduciary duties to the minority Shareholders of AGAH. These fiduciary duties required that Sickler and Teleflex distribute all Net Profits from the sale of the Assets of AGAH pursuant to their fiduciary duties and the terms of the agreements. Sickler and Teleflex's failure to distribute these Net Profits is a breach of those fiduciary duties owed to the minority shareholders. These fiduciary obligations also required Teleflex and Sickler to disclose any disposition of assets and related Net Profits to the minority shareholders. Teleflex and Sickler misappropriated these proceeds and purposefully and fraudulently concealed the fact that these proceeds were misappropriated. The minority shareholders have suffered economic damages in an amount equal to the Net Profits from the sale of Assets which were not distributed to the minority shareholders

## FRAUD AND FRAUDULENT CONCEALMENT

13. Sickler and Teleflex fraudulently misrepresented to the minority shareholders that AGAH would sell the Assets of AGAH and distribute those Assets to minority shareholders in accordance with the Agreement. Sickler and Teleflex had no present intention to fulfill those fraudulent misrepresentations at the time the representations were made. The minority shareholders detrimentally relied on those representations and changed their position in reliance on those representations by providing guarantees for certain loans and providing economic consideration during and after the formation of AGAH. The minority shareholders have been damaged by Teleflex and Sickler's

fraudulent misrepresentations in an amount equal to the sale of proceeds for Assets that were not distributed. Further, Sickler and Teleflex acted with reckless and willful disregard for the rights of the minority shareholders. Teleflex and Sickler fraudulently concealed the fact that they diverted and misappropriated Net Profits that should have been distributed to the minority shareholders pursuant to the terms of the Agremeent. The diversion of asset sale proceeds was purposefully concealed and not revealed to the minority shareholders by Teleflex and Sickler. The Plaintiffs suffered damages as a result of the fraud and fraudulent concealment in the amount of $777,548. Sickler and Teleflex acted with reckless and intentional disregard for the rights of the Plaintiffs. The Plaintiff minority shareholders are entitled to punitive damages in the amount of $10,000,000.

## NEGLIGENT MISREPRESENTATION

14. Sickler and Teleflex negligently misrepresented to the minority shareholders that AGAH would sell the Assets of AGAH and distribute those Assets to minority shareholders in accordance with the Agreement. Sickler and Teleflex had no present intention to honor those negligent misrepresentations at the time the representations were made. The minority shareholders detrimentally relied on those representations and changed their position and reliance on those representations by providing guarantees for certain loans and providing economic consideration during and after the formation of AGAH. The minority shareholders have been damaged by Teleflex and Sickler's negligent misrepresentation in the amount of $777,548. Further, Sickler and Teleflex acted with reckless and intentional disregard for the rights of the minority shareholders.

Therefor, the minority shareholders are entitled to punitive damages in the amount of $10,800,000.

## BREACH OF CONTRACT

15. The Agreement requires AGAH and its majority shareholder Teleflex and President, Sickler to distribute the net profits arising from the disposition of assets. Certain assets have been disposed of by Teleflex and Sickler. However, rather than distributing those funds and proceeds, those proceeds were diverted through AGAH and others for purposes other than those called for by the Agreement. This breach of contract was materially and has caused substantial economic damage to the Plaintiffs. It is believed that the damage resulting from this breach of contract is in an amount equal to the proceeds received from the sale of those assets and is in an approximate amount of $777,548. Accordingly, the minority shareholders request a judgment against Sickler and Teleflex for breach of contract in the amount of $777,548.

## CONVERSION

16. Teleflex and Sickler converted proceeds from the sale of assets which should have been paid to the minority shareholders and used them for their own purposes. These purposes were contrary to the plain language of the Agreement and constituted a conversion of property lawfully belonging to the minority shareholders. Because Teleflex and Sickler converted these funds for their own purposes, Teleflex and Sickler are liable to the minority shareholders in the amount of $777,548.

## CONSTRUCTIVE TRUST

17. Since Teleflex and Sickler wrongfully and improperly misappropriated converted and otherwise squandered funds or proceeds from the sale of assets due and payable to

the minority shareholders, any such funds still in the possession or control of AGAH, Sickler or Teleflex should be held in constructive trust for the benefit of the minority shareholders. Further any assets within the possession of Teleflex and Sickler of any type should be held in constructive trust for the benefit of the minority shareholders to satisfy any judgment that may be rendered against Teleflex and Sickler.

## PUNITIVE DAMAGES

18. Teleflex and Sickler acted with intentional, willful and reckless disregard for the rights of the minority shareholders. Teleflex and Sickler purposefully misappropriated, directed and converted funds that were due and payable to the minority shareholders for purposes that were in violation of the Agreement. This willful, intentional and reckless disregard for the rights of the minority shareholders subjects Teleflex and Sickler to punitive damages. The Plaintiffs request that the Court award punitive damages in an amount of not less than $10,000,000.

## REQUEST FOR RELIEF

Plaintiffs request the following relief:

A. Judgment jointly and severally against Sickler and Teleflex for actual damages in the amount of $777,548;

B. Punitive damages in the amount of $10,000,000; and,

C. Any other relief deemed proper.

This the 24th day of April, 2007.

Respectfully submitted,

*/s/ J. Chase Bryan*
J. Chase Bryan

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
100 City Centre Building (39201)
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone:   601-960-8600
Facsimile:    601-960-8609